Our third case for argument today is Fitzpatrick v. Lynch. Mr. Huffs. Good morning, Your Honors. May it please the Court, Richard Hanus on behalf of Margarita Fitzpatrick. This is the consolidated appeal in matter of Fitzpatrick, a BIA decision, as well as the BIA's denial of Margarita Fitzpatrick's motion to reconsider. Margarita Fitzpatrick is a lawful permanent resident who's been living in the United States for 14 years. She's a 49-year-old law-abiding mother and grandmother, a registered nurse, and if the order that's at issue here is let stand, she faces permanent banishment from the United States. Margarita Fitzpatrick is a woman who defers and follows the law. She's never been arrested, no violations of her immigration status in her history here, and she goes out of her way to follow the law by the tee, so much so as demonstrated by the events at the Department of Motor Vehicles. Permanent resident Margarita Fitzpatrick goes to get a driver's license and displays clear evidence of her non-U.S. citizen status, a Peruvian passport and a green card indicating lawful permanent resident in the United States. The official at the DMV asks, would you like to register to vote? And as opposed to asking, am I eligible to register to vote, or can I, she asks, am I supposed to? To which the government official answers, it's up to you. Now, Margarita Fitzpatrick. The problem for your client in this case is that she admits that she checked the box on the form claiming to be a U.S. citizen, right? That seems to be pretty much the beginning and the ending of her problems. Is there, you're not denying that she did that? No, I'm not. But I am stating that that is a one element of a bigger picture. And if we pan out from this- Well, you want us to overrule Kamani, which said that if an alien checks that box and then votes in an election for a federal official, that's it. That's the game. That's the holding of Kamani. Respectfully, Judge, and if we're going to Kamani, I would say that based on this court's holding in Keithley, there are a number of factors. This case actually is just like- In Keithley, the alien expressly testified that she had not checked that box, and we remanded so that the agency could determine whether she had or not. That was the issue for remand in Keithley. But the remanded issue in Keithley is not contested in this case. In this case, we have a woman who checked the box, but right before- Let's look at where this falls in. The government solicits her voter registration. She didn't go in there asking to register to vote. The government sees all of her documents on the table. I'm not a U.S. citizen. I'm a permanent resident. When she's asked, would you like to register to vote, she's thinking, the government knows the law better than I. That is the defining theme of her testimony before the immigration judge, and that is what the defense- Has any court held that an alien who checks that box, claiming to be a citizen, falsely, and then votes, is not still subject to removal? No, but in Keith- Understand, Judge, but- You've got no legal support for your position, and you've got Kimani, which is dead against your position. Now, what is it you want us to do? I want this court to understand that it came in a bigger context here, and Keithley named several elements. In order for the immigration court to determine that Margarita Fitzpatrick is removable, we must determine that she voted in violation of law, and that you have to factor in criminal law defenses, which is what Keithley, the holder, stood for. That's why the case got remanded. It didn't say it depended on box checking or no box checking like Keithley. Yes, Keithley did. That's what Keithley remanded for the board to determine. Well, can we say- And that Kimani was not remanded, and that was the difference between the two cases. Well, Kimani was an undocumented alien, and he presumably wanted to hide his immigration status to avoid detection. That was the language in Keithley. But like Keithley, Mrs. Fitzpatrick was a permanent resident. She didn't have any intention of checking a box until she was given the permission to do so with it's up to you, reasonably understanding that that means you can't. Well, is there any doubt that the state official with whom she spoke knew she was not a U.S. citizen? I can't speak to the mind of that official, but I think that it's fairly clear, if not entirely clear, that a person who shows a green card is not a U.S. citizen. Does it matter that the state official only asked her to register because he was required by law to do so? I don't think so, because the fact that the system has flaws in it becomes my client's problem, and her defense doesn't depend on that being the system. Maybe there's something wrong with the system. And in her case, if we're going to prove removability by clear and convincing evidence, we must take into account what criminal law defenses would take place in the context of a hypothetical criminal prosecution. That's what Keithley, the holder, holds. And if we had a criminal prosecution of Margarita Fitzpatrick, and there has been none, would there be a violation, would there be a convictable charge, when a woman honestly presents at clear evidence that she's not a citizen, a box is checked. I don't know. We do know that it arises out of confusion, because if a person is set on claiming to be a U.S. citizen, they're not going to be showing evidence that they're not at the same time. And afterwards, that documentation is accepted. She is going about her business approaching the Secretary of State's office and getting a driver's license, and she's waved through. The government knows the law better than I. She was confused. Now let me ask you this, what should we infer from the DMV's policy change regarding how its employees present voter registration to individuals applying for driver's licenses? Well, from that we can infer that this is a problem, and there's a systemic problem. And we can also infer that this court has two cases that arises out of that problem. Perhaps some of the parties, some are more culpable than others, such as Mr. Kimani. But it's clear there's a problem. The Immigration Service knows it's a problem. They write a specific policy memo on it. This court, the Board of Immigration Appeals, had the precedent decision of Kiefly available to discuss it, to go and address the issues in there, because we have to take into account the criminal law defenses. That decision is wrong. It's not supported by substantial evidence. And the court's, the BIA's decision on the motion to reconsider is wrong. It contains clear errors of fact. The BIA's decision denying the motion to reconsider says there was no confusion or that Mrs. Fitzpatrick wasn't misled. It also says there's no discussion about the form. There's dozens of pages of both, confusion, discussion of the form, and misleading. Based on those two mistakes, this court has ample evidence to reverse the holding of the Board of Immigration Appeals, terminate the proceedings, or at the very least, let this honest law-abiding woman have a chance to have this court's work in Kiefly go to work. This court went through the trouble of issuing Kiefly, and a criminal law defense would absolve her. She would not be convictable. And if she's not convictable under 18 U.S.C. 611, she's not removable. I'll reserve the remainder of my time for rebuttal. Thank you. If it pleases the Court, Tim Ramlitz on behalf of the United States Attorney General Loretta E. Lynch. The petitioner challenges two board decisions in this case, the first being Matter of Fitzpatrick, a published board decision, affirming her removability under 8 U.S.C. 1227A6, finding that she unlawfully voted. At this point, the petitioner has not essentially challenged that decision anymore. The petitioner challenges the second board decision, the denial of her motion to reconsider, based on this entrapment by a stop-the-claim. The petitioner concedes in opening brief that without this entrapment by a stop-the-claim, she is removable as someone unlawfully voted. If the board properly found a motion to reconsider denial, however, it's simply not borne out by the record that there was any entrapment by a stop-the-claim. As the panel noted, this case is dictated by Kamani v. Holder. Kamani v. Holder, the rule from that case is there has to be some government official directing someone to perform an act and assuring that person the act is lawful. In this case, you have nothing of that sort. As petitioner's counsel went through the fact pattern, petitioner went to the DMV, the Illinois DMV, and as required by law, the clerk asked, would you like to register? She expressed confusion, but the clerk repeatedly removed himself from the situation and refused to assist her in any way. He said, it's up to you, and in fact, according to Mr. Fitzpatrick's testimony, he said, I can't tell you what to do. And that is the exact opposite of a government official telling you what to do. A government official is affirmatively stating, I can't tell you what to do. You're on your own here. That simply does not make out a stop-it-by-entrapment case. So he shouldn't have said, since you're not a citizen, if you register to vote, that would be a violation, or only citizens are allowed to register to vote. The clerk would have to say, in this case, it's okay for you to check that box. It's okay if you're not a citizen to represent that you are a citizen. And that was what Keithley was discussing. So in the government's view, would entrapment by estoppel be unavailable any time the individual checked the box stating that she was a citizen on the registration form, regardless of what the state official said? Well, no, because in Keithley, the state official, there was some factual dispute. And actually, Keithley did not find entrapment by estoppel claim. Instead, if the facts were a certain way, perhaps there would be entrapment by estoppel claim. And the facts in that case were that the official supposedly checked the box for the alien. So like the petitioner in Keithley, she only registered to vote because she was asked whether she wanted to register by the state official. I mean, had the state official not brought it up, we wouldn't even be here. Perhaps, but the clerk is required by law. And the clerk asking that to someone who was not a citizen, do you think that was appropriate? When he knew she presented with the green card. The clerk is required by law to do that. So the clerk is just acting upon what he is told in his job description. But law requires that question of citizens and non-citizens alike? I'm sure it's not required of non-citizens. But simply DMV policy to ask everyone who applies for a driver's license to ask, do you want to register to vote? So that's what I'm trying to get at. She was a non-citizen. Why was the question even asked? Well, I think in the record it's saying the clerk knew she was a non-citizen. She says. She presented with her Peruvian passport. That's true. There's no acknowledgment. And her green card. Right. Okay. So that equals non-citizen. And in terms of entrapment, again, there's nothing in the record where the clerk acknowledges, like, oh, I know you are not a citizen. But go ahead and fill out that form anyway. I'm directing you to perform that act. As the courts rule in Comani States, there has to be some kind of direction. Yeah, but what I'm saying is why would she even ask the question? She's not even a citizen. Well, you have a clerk just doing what they do to every person that comes in. So, I mean, that's a problem. I think that's a problem. There was a hypothetical raised in her brief, and I'd just like you to respond to it. The police officer, knowing that a foreign individual is underage, asked if she would like an alcoholic beverage. And the individual says to the officer, should I? And the officer says it's up to you. Do you think entrapment by estoppel would apply there? No, I don't believe it would apply there either. Again, the rule is very narrow. It's hardly applied, as this Court has acknowledged, because you have to have a government official telling you what to do, not simply backing off or letting you choose what to do for your own actions. Well, in Comani, the petitioner didn't speak to an official before filling out the application. Here, Mrs. Fitzpatrick had a conversation with an official regarding her ability to register. Why doesn't this weigh in favor of applying entrapment by estoppel? And also, what more could she have done to make it clear she was not a U.S. citizen? So there are really two questions. I think you're placing a duty on the clerk that is not properly there. What estoppel asked is what has the government done to fool you, in a sense. There's nothing here about it. Right, and she was obviously confused when she asked, you know, should I register? And he says it's up to you. So doesn't this weigh in favor of applying entrapment by estoppel? No, I think you have to have some directing you to do an act, again, and assuring you that act is proper. Simply saying it's up to you, I can't tell you what to do, is the opposite of directing someone to do something. Now, Mrs. Fitzpatrick has a clean record. She's accused of a nonviolent offense, and she voluntarily disclosed that she voted. Why isn't this a situation where the government should have exercised its discretion? The agency declined. And not try to eject her with five children. Prosecutorial discretion was discussed in this case between the agency and Petitioner's Council. Ultimately, Petitioner's Council declined to pursue prosecutorial discretion. And then what about the DMV's policy change regarding how its employees present voter registration to individuals applying for driver's licenses? Isn't that acknowledging that there's confusion when you ask people who are not citizens whether they want to vote, and you say it's up to you? I think they're acknowledging a problem, which presents itself in this case in Kamani and Keithley, where you have this voter registration form. It has the box for U.S. citizens saying check, yes or no. And on that form, it also says right below, do not complete this form if you are not a citizen. And below that, if you complete this form and you are not a citizen, you falsely attempt yourself to be so, you could be subject to removal from the United States. And you don't think the clerk had any obligation to point that language out to her? No. As is of course stated in Kamani, you are held to what you sign. You look at the case, or you look at the form, and if you read it, and there's no language barrier, and you sign that form, you're acknowledging you understand that form. And that's what happened in this case. There's no clerk telling her that you should misrepresent yourself as a citizen. She's presumed to be bound by that form, and that's exactly what happened in Kamani, and Kamani discusses that, as opposed to Keithley, where the facts may have shown on remand, they were still disputed, that the government official actually filled out that form for her. And it's also important to note, I believe, that the record shows that the decision to fill out this voter registration form essentially came from a conversation between Mrs. Fitzpatrick and her husband. Mrs. Fitzpatrick testified that they discussed the form between themselves, and he thought that perhaps a way to speed up her naturalization proceedings was to register to vote right now.  They essentially thought between themselves that somehow this would speed up her process. It was a decision they took upon themselves, and they knew she was not a citizen. In this conversation, did this occur before or after she asked him should she register? I believe Mr. Fitzpatrick testified after she was asked to register, and then they discussed it themselves, because the clerk kept saying, I can't tell you what to do. So they decided what to do amongst themselves, and according to Mr. Fitzpatrick's testimony, they decided what to do because he believed that falsely representing her to be a citizen might speed along the process of naturalization they intended to pursue. And so, again, there's just nothing by the government telling her to do this. Unless the panel has any other questions, the government rests. Anything further, Mr. Hanus? Yes, Your Honors. Firstly, as to prosecutorial discretion, that can mean several different things. In this case, indeed, prosecutorial discretion was asked for, and it was denied in regards to the reversal of this deportation order. Margarita Fitzpatrick would like her life back because she didn't do anything illegal from her perspective. I understood from your opponent's argument that there was an offer of discretion beforehand that was rejected by you or by your client. That's not correct, and maybe what was communicated to him wasn't correct, but I was party to the settlement discussions, and discretion in the form of reversal of this order and letting this be reinstated was asked for and rejected. The idea of administrative closure and this order sort of being left alone and not enforcing it, there was some question about it, but the government didn't even order that. The end result of the settlement negotiations were we're not bending. Now, I'm not accusing Mr. Ramnuss of any bad faith. I think that maybe there was some miscommunication. Two other points, if I may, Your Honors. Entrapment by estoppel doesn't require a directing. It requires the individual acting to have the reasonable reliance on the guidance of a government official. This entire set of events was propelled by the DMV official, and whether it was by law and they have to or not doesn't make it right, and whether it's by law or they have to doesn't mean entrapment by estoppel was not in play. And lastly, Your Honors, this whole transaction was defined by confusion because how would a woman who knows she's a permanent resident, who didn't go to the DMV for any reason other than to get a driver's license, end up checking a box other than through confusion? She shows her passport from Peru. She shows her green card, ultimately issued a voter registration card. So the rule of lenity, when it comes to the construction of immigration statutes, say that if there's any doubt, we rule in the favor of the immigrant. And in this case, the rule of lenity dictates at the very least, if not terminating proceedings, remanding for further discussion and analysis. Let Keithley at least be analyzed by the BIA more than just in a few sentences and a motion to reconsider and without factual error. So what about this conversation with the husband? In your view, did it occur after she was asked by the official? Absolutely. I was not the attorney representing Mrs. Fitzpatrick at the hearing, but the transcript reflects that the entire discussion, all confusion arose after the question about voter registration was asked. And it became a question not of if she could. It became a question as if she should. Her default is deference. And in this case, she wanted to do the right thing and was confused. How else would somebody who's a resident check a box? It makes no sense whatsoever. And then go on to honestly disclose this at her citizenship hearing. So on that note, Your Honors, we ask that this court reverse this decision, terminate proceedings, reinstate Margarita Fitzpatrick to allow her to live her law life. Thank you, counsel. Thank you, Your Honors. Our final case of the day is Carol.